Scott E. Davis
State Bar No. 016160
SCOTT E. DAVIS, P.C.
20827 North Cave Creek Road, Suite 101
Phoenix, AZ 85024

Telephone: (602) 482-4300
Facsimile: (602) 569-9720
email: davis@scottdavispc.com

*Attorney for Plaintiff Kathleen Prince*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Kathleen Prince,<br><br>Plaintiff,<br><br>v.<br><br>Prudential Insurance Company of America, Microsoft Corporation, Microsoft Corporation Employee Disability Plan,<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

Now comes the Plaintiff Kathleen Prince (hereinafter referred to as "Plaintiff"), by and through her attorney, Scott E. Davis, and complaining against the Defendants, she states:

***Jurisdiction***

1. Jurisdiction of the court is based upon the Employee Retirement Income Security Act of 1974 (ERISA); and in particular, 29 U.S.C. §§1132(e)(1) and 1132(f). Those provisions give the district courts jurisdiction to hear civil actions brought to recover employee benefits. In addition, this action may be brought before this Court pursuant to 28

U.S.C. §1331, which gives the Court jurisdiction over actions that arise under the laws of the United States.

***Parties***

2. Plaintiff is a resident of Maricopa County, Arizona.

3. Upon information and belief, Defendant Microsoft Corporation (hereinafter referred to as the "Company") sponsored, subscribed to and administered a group disability insurance policy which was fully insured and administered by Prudential Insurance Company (hereinafter referred to as "Prudential"). The specific Prudential policy is known as group policy 43994. The Company's purpose in subscribing to the Prudential policy was to provide disability insurance for its employees. Upon information and belief, the Prudential policy may have been included in and part of the Microsoft Corporation Employee Disability Plan (hereinafter referred to as the "Plan") which may have been created to provide the Company's employees with welfare benefits. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1).

4. Upon information and belief, the Company or Plan may have delegated responsibility for the plan and/or claim administration of the policy to Prudential. Plaintiff believes that as it relates to her claim, Prudential functioned in a fiduciary capacity as the Plan and/or Claim Administrator.

5. Upon information and belief, Plaintiff believes Prudential operated under a conflict of interest in evaluating her claim due to the fact it operated in dual roles as the decision maker with regard to whether Plaintiff was disabled as well as the payor of benefits; *to wit*, Prudential's conflict existed in that if it found Plaintiff was disabled it was also liable for payment of those benefits.

6. The Company, Plan and Prudential conduct business within Maricopa County and all events giving rise to this Complaint occurred within Maricopa County.

***Venue***

7. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391.

***Nature of the Complaint***

8. Incident to her employment, Plaintiff was a covered employee pursuant to the Plan and the relevant policy and a "participant" as defined by 29 U.S.C. §1002(7). Plaintiff seeks disability income benefits from the Plan and the relevant policy pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B) as well as any other employee benefits she may be entitled to as a result of being found disabled.

9. After working for the Company as a loyal employee, Plaintiff became disabled on or about May 5, 2009 due to serious medical conditions and was unable to work in her designated occupation as an Account Manager Engineer. Plaintiff has remained disabled as that term is defined in the relevant policy continuously since that date and has not been able to return to any occupation as a result of her serious medical conditions.

10. Following her disability, Plaintiff applied for short term and long term disability benefits.

11. Plaintiff's claim for short term disability benefits was approved, however in a letter dated September 11, 2009, Prudential notified Plaintiff that effective August 24, 2009 Plaintiff was not eligible for payment of her short term disability benefits as a result of Plaintiff being laid off on July 4, 2009.

12. Plaintiff then applied for long term disability benefits under the relevant Prudential policy. The relevant long term disability policy provides the following

definition of a covered disability and catastrophic disability which applies to Plaintiff's claim:

> You are disabled when Prudential determines that:
>
> - you are unable to perform the material and substantial duties of you regular occupation due to your sickness or injury; and
> - you are under the regular care of a doctor; and
> - you have a 20% or more loss in your monthly earnings due to that sickness or injury.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury,
>
> - you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and
> - you are under the regular care of a doctor.

13. In support of her claim for long term disability, Plaintiff submitted to Prudential medical records from her treating physicians supporting her disability as defined by the relevant Prudential policy.

14. Prudential notified Plaintiff in a letter dated October 16, 2009 that it was denying her claim for long term disability benefits.

15. Pursuant to 29 U.S.C. §1133, Plaintiff timely appealed the October 16, 2009 denial of her claim for long term disability benefits by a letter dated March 12, 2010. In support of her appeal, Plaintiff submitted additional medical evidence and lay witness statements to Prudential demonstrating her total disability as defined in the relevant Prudential policy.

16. In support of her appeal, Plaintiff submitted to Prudential a June 24, 2010 letter notifying Prudential that she had been approved for Social Security Disability Insurance benefits after that agency determined she was unable to engage in any gainful occupation due to her medical conditions. In its denial letter dated July 27, 2010,

Prudential never specifically addressed why its determination was that Plaintiff could engage in her regular occupation while Social Security found Plaintiff was disabled from working in any occupation. Prudential's failure to adequately consider Plaintiff's Social Security approval is a violation of ERISA. [1]

17. In further support of her appeal, Plaintiff submitted to Prudential a narrative letter dated March 31, 2010 from Plaintiff's treating board certified orthopedic surgeon who opined, "given [Plaintiff's] history and chronic nature of her condition, it is reasonable to assume that she has been unable to work in any occupation since May 5, 2009…it is reasonable to assume that she may be unable to sustain any gainful employment indefinitely."

18. In further support of her appeal, Plaintiff submitted to Prudential a narrative letter dated January 27, 2010 from Plaintiff's treating physician, board certified in physical medicine and rehabilitation as well as pain medicine who opined, "the patient is not expected to be able to return to work indefinitely…the patient's specific limitations include the inability to sit and/or stand for prolonged periods of time secondary to severe pain and weakness."

19. In further support of her appeal, Plaintiff submitted to Prudential a Functional Capacity Report dated December 16, 2009 which determined after an evaluation of Plaintiff's serious medical conditions that Plaintiff "would not be able to perform sedentary work consistently on a regular, full-time basis…her physical restrictions, loss of functional strength and endurance, decreased stamina, and average performance with coordination and repetitive manual tasks would preclude her from maintaining an effective sedentary work

[1] *See Montour v. Hartford Life & Accident Ins. Co.*, 588 F.3d 623, 634 (9th Cir. 2009).

level on a regular basis. She could not fulfill the description of sedentary work." (original emphasis).

20. Further supporting her appeal, Plaintiff submitted to Prudential a vocational report dated April 19, 2010. The vocational expert concluded, "based on my review of the medical record and interview of [Plaintiff] that she is unable to work in any capacity in the competitive labor market due to her inability to sit, stand, and/or walk for more than a few minutes at one time…it is my opinion that she has been unable to engage in any type of work on a full time and continuous basis since May 5, 2009."

21. In addition to the medical records and reports submitted to Prudential, Plaintiff also submitted sworn affidavits from lay persons including a May 18, 2010 affidavit from Plaintiff's husband. The May 18, 2010 affidavit stated that Plaintiff is unable to work and her condition has not improved. Plaintiff also submitted a May 18, 2010 affidavit from her parents which stated that Plaintiff is unable to return to her job as she is unable sit for any length of time.

22. In a letter dated July 15, 2010, Prudential notified Plaintiff it would be unable to make a decision on her claim by July 15, 2010 and requested an extension of forty five (45) days to make a determination on her appeal.

23. As part of its review of Plaintiff's claim for long term disability benefits, Prudential obtained a medical review of Plaintiff's claim from Ephraim Brenman, D.O., who is a consulting physician for MLS.[2] Upon information and belief, Plaintiff believes Dr. Brenman is a long time consultant for the disability insurance industry. Plaintiff believes Dr. Brenman has an incentive to protect his own consulting relationships with the

---

[2] "The MLS Group of Companies is the leading provider of Independent Medical Evaluations, Peer Review Services, and Functional Capacity Evaluations." *See* www.mls-ime.com.

disability insurance industry and Prudential by providing medical review reports which selectively review or ignore evidence, such as occurred in Plaintiff's claim, in order to provide opinions and report(s) which are favorable to insurance companies and which supported the denial of Plaintiff's claim.

24. In a letter dated July 26, 2010, Prudential notified Plaintiff it had denied her appeal for long term disability benefits under the Prudential policy. In the letter, Prudential also notified Plaintiff that she had exhausted her administrative levels of review and could file a civil action in federal court pursuant to ERISA.

25. In evaluating Plaintiff's claim on appeal, Prudential had an obligation pursuant to ERISA to administer Plaintiff's claim "solely in her best interests and other participants" which it failed to do. [3]

26. Plaintiff believes the reason Prudential provided an unlawful review which was neither full nor fair and that violated ERISA, specifically, 29 U.S.C. § 2560.503-1, is due to the dual roles it undertook as decision maker and payor of benefits which created an inherent conflict of interest and this conflict may also be the reason the Plan retained Prudential to administer her disability claim.

27. Plaintiff is entitled to discovery regarding the aforementioned conflicts of interest of Prudential and any individual who reviewed her claim and the Court may properly weigh and consider evidence regarding the nature, extent and effect of *any*

---

[3] It sets forth a special standard of care upon a plan administrator, namely, that the administrator "discharge [its] duties" in respect to discretionary claims processing "solely in the interests of the participants and beneficiaries" of the plan, § 1104(a)(1); it simultaneously underscores the particular importance of accurate claims processing by insisting that administrators "provide a 'full and fair review' of claim denials," Firestone, 489 U.S., at 113, 109 S. Ct. 948, 103 L. Ed. 2d 80 (quoting § 1133(2)); and it supplements marketplace and regulatory controls with judicial review of individual claim denials, see § 1132(a)(1)(B). *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2350 (U.S. 2008).

conflict of interest which may have impacted or influenced Prudential's decision to deny her claim.

28. With regard to whether Plaintiff meets the definition of disability set forth in the Plan, the Court should review the evidence in Plaintiff's claim *de novo*, because even if the Court concludes the Plan confers discretion, the unlawful violations of ERISA committed by the Plan and its administrators as referenced herein are so flagrant they justify *de novo* review.

29. As a direct result of Prudential's decision to deny Plaintiff's disability claim she has been injured and suffered damages in the form of lost disability benefits, in addition to other potential employee benefits she may have been entitled to receive through or from the Plan and/or Company as a result of being found disabled.

30. Pursuant to 29 U.S.C. §1132, Plaintiff is entitled to recover unpaid benefits, prejudgment interest, reasonable attorney's fees and costs from Defendants.

31. Plaintiff is entitled to prejudgment interest at the rate of 10% per annum pursuant to A.R.S. §20-462, or at such other rate as is appropriate to compensate her for losses she incurred as a result of Defendants' unjustified denial of payment of benefits.

WHEREFORE, Plaintiff prays for judgment as follows:

A. For an Order requiring Defendants to pay Plaintiff disability benefits and any other employee benefits she may be entitled to as a result of being found disabled pursuant to the Plan from the date she was first denied these benefits through the date of judgment and prejudgment interest thereon, as well as any other employee benefits she may be entitled to from the Plan and/or Company as a result of being found disabled;

B. For an Order directing Defendants to continue paying Plaintiff the aforementioned benefits until such time she meets the conditions for termination of benefits;

C. For attorney's fees and costs incurred as a result of prosecuting this suit pursuant to 29 U.S.C. §1132(g); and

D. For such other and further relief as the Court deems just and proper.

DATED this 3rd day of December, 2010.
SCOTT E. DAVIS. P.C.

By: *_/s/ Scott E. Davis_*
Scott E. Davis
Attorney for Plaintiff